## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARK COLSTON,

       Plaintiff,

v.                                       Case No. 12-13297

TRUDY GILLIE,

       Defendant.

_____/

### OPINION AND ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*, DENYING APPLICATION FOR APPOINTMENT OF COUNSEL, AND DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(e)(2)

Plaintiff Mark Colston initiated this *pro se* action on July 26, 2012, alleging a civil rights claim under 42 U.S.C. § 1981 against Defendant Trudy Gillie, who allegedly works in the financial aid department at Baker College. Plaintiff has filed an application to proceed *in forma pauperis*, which the court will grant. *See* 28 U.S.C. § 1915(a)(1). However, after careful consideration, the court must dismiss this action pursuant to 28 U.S.C. § 1915(e)(2).

Complaints filed *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). That provision requires district courts to dismiss complaints that fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). To clear this hurdle, a complaint must allege enough facts that, when assumed true, "raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), by "stat[ing] a claim to relief that is plausible on its face," *id.* at 570. A claim is facially plausible when

the plaintiff pleads facts "allow[ing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," rather than showing only "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Dismissal of a complaint under § 1915(e)(2) for failure to state a claim "is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F.3d at 867.

The court's review of Plaintiff's complaint reveals that it must be dismissed under 28 U.S.C. § 1915(e)(2).  Even when viewed with the leniency the court accords to pro se pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the filing Plaintiff submitted to the court cannot state a claim under § 1981.  Plaintiff's allegations boil down to a charge that Defendant refused, after the fact, to correct allegedly false information relied upon by Baker College's "SAP Appeal Committee" in denying Plaintiff's appeal from the cancellation of his financial aid, thereby depriving him of "rights secured . . . by the fourteenth amendment due process and equal protection of the law."  (Compl. ¶¶ 16-19, Dkt. # 1.)

"[Section] 1981 . . . has a specific function: It protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474-75 (2006) (second alteration in original) (quoting 42 U.S.C. § 1981(a)).  Nowhere in Plaintiff's complaint does he aver, or make factual allegations suggesting, that any harm he allegedly suffered was the result of racially motivated discrimination—the only wrong redressable under § 1981. *See Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 609

2

(1987) ("Although § 1981 does not itself use the word 'race,' the Court has construed the section to forbid all 'racial' discrimination in the making of private as well as public contracts." (citing *Runyon v. McCrary*, 427 U.S. 160, 168 (1976))); *cf.* 42 U.S.C. § 1981(a) ("All persons . . . shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by *white citizens* . . . ." (emphasis added)).

Neither does Plaintiff's claim of a violation of his Fourteenth Amendment rights do any good, as there is no indication in the complaint that Baker College, or Defendant as its employee, is a state actor capable of violating the Fourteenth Amendment or amenable to suit under 42 U.S.C. § 1983.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) ("Because the [Fourteenth] Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'"); *id.* at 929 ("[I]n a § 1983 action brought against a state official, the statutory requirement of action 'under color of state law' and the 'state action' requirement of the Fourteenth Amendment are identical.").  Even under the most liberal of constructions, Plaintiff's complaint does not present any plausible entitlement to relief.  Accordingly,

IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* [Dkt. # 2] is GRANTED, and his application for appointment of counsel [Dkt. # 3] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED pursuant to

42 U.S.C. § 1915(e)(2).

                                         s/Robert H. Cleland                                   
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated:  August 30, 2012


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, August 30, 2012, by electronic and/or ordinary mail.

                                         s/Lisa Wagner                                          
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522